```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                CRIMINAL ACTION NO. 5:05-00091-01

NATHANIEL TYRONE HARBIN

## MEMORANDUM OPINION AND ORDER

In Bluefield, on March 11, 2013, came the defendant, Nathaniel Tyrone Harbin, in person and by counsel, George H. Lancaster, Jr., Assistant Federal Public Defender; came the United States by John L. File, Assistant United States Attorney; and came United States Probation Officer Amy Berry-Richmond, for a hearing on the petition, as well as the amended petition, to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the February 28, 2013 amended petition to revoke defendant's term of supervised release.  The court advised the defendant, pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, that the defendant has the right to a hearing and assistance of counsel before the terms of his supervised release could be revoked.  The defendant admitted the conduct as alleged in the amended petition.  Based on the defendant's admission and other matters contained in the record,

1

the court found the charges were established by a preponderance of the evidence.

The court found the Guideline imprisonment range for revocation of supervised release upon such grounds was fifteen to twenty-one months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and revocation of supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e), which provides a maximum term of imprisonment of three years. Neither party objected to the applicable guideline range and statutory penalty as determined by the court.

Subsequently, the court heard arguments from the defendant and the government. Both parties agreed to a nine (9) month term of imprisonment to be followed by a twenty-four (24) month term of supervised release.

The defendant personally addressed the court, expressing regret for his conduct and acknowledging its wrongfulness.

After hearing arguments from both sides, the court **ORDERED** the defendant's term of supervised release be revoked and sentenced the defendant to nine (9) months imprisonment and, following release from custody, a supervised release period of

twenty-four (24) months.  The court assigned all standard conditions of supervised release as established by the court's Standing Order.

In revoking defendant's supervised release, the court considered all of the factors in the case and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553 and was sufficient, but not greater than necessary, to protect the public, provide adequate deterrence, and reflect the seriousness of the defendant's violations.

The court further ordered that the defendant satisfy the unpaid financial obligation in the amount of $2,087.38.  The court allowed for repayment in installments, subject to an installment schedule approved by defendant's probation officer and the court.  Neither party objected to the form of the sentence.

The court found by clear and convincing evidence that the defendant was not a flight risk or a danger to the community and, accordingly, continued defendant's bond, subject to the original bond conditions.  Moreover, the court directed defendant to report to the United States Marshal's Office in Charleston, West Virginia on April 10, 2013, before 2:00 p.m., unless the defendant receives other reporting instructions before that time.

Defendant is informed of his right to appeal the court's revocation of his supervised release. The defendant is further informed that, in order to initiate such an appeal, a Notice of Appeal must be filed with this court within fourteen days. If the defendant wishes to appeal and cannot afford counsel, the court will appoint counsel for him. Moreover, if the defendant so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshals Service for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 13th day of March, 2013.

              ENTER:

              David A. Faber
              Senior United States District Judge